ILLINOIS EMERGENCY RELIEF COMMISSION, No. 3.

M. PAULINE ORR, Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMIS-
SION, Respondent.

*Opinion filed December 14, 1937.*

SUPPLEMENTAL ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Following the rendition of an Advisory Opinion hereto-
fore rendered by this court in the above entitled matter on or
about the 14th day of January, A. D. 1937, wherein a settle-
ment for $109.00 by the Illinois Emergency Relief Commis-
sion with claimant was approved, there was filed with the
Clerk of this Court an Amended Statement of Facts, wherein
it appears that the original Statement submitted was erron-
eous in that it stated that the medical, dental and hospital
bills incurred by claimant had been paid. Contrary thereto,
it appears that subsequent to the rendering of such Opinion,
the claimant has become a voluntary bankrupt, and in the
Schedules in Bankruptcy filed by claimant, she included such
medical, dental and hospital bills as unpaid debts owing by
her.

In the Supplemental Statement now filed, it is suggested
that payment of the amount of the award heretofore rendered
would therefore have to be made to her Trustee in Bank-

ruptcy, and if so made that the award would not discharge or pay the medical, dental and hospital bills in question as contemplated by Section 8, Sub-section (a) of the Workmen's Compensation Act.

Wherefore, a Supplemental Opinion is asked of this court as to the propriety of paying the said sum of One Hundred Nine ($109.00) Dollars heretofore awarded, and if to be paid, with whom should settlement be made.

Section 21 of the Workmen's Compensation Act provides as follows:

"No payment, claim, award or decision under this Act shall be assignable or subject to any lien, or garnishment, or be held liable in any way for any lien, debt, penalty or damages."

Based upon the statements submitted herein, and under the law pertaining thereto, the court is of the opinion that the award heretofore made to claimant in the sum of One Hundred Nine ($109.00) Dollars for medical, dental and hospital bills is not subject to lien, and that such award is not payable to Claimant's Trustee in Bankruptcy, and the Illinois Emergency Relief Commission is authorized to pay to claimant for the use of the several persons and institutions furnishing such medical, dental and hospital service, the said sum of One Hundred Nine ($109.00) Dollars. As such payments are for the specific purposes set forth, receipts should be obtained from the individuals and institutions furnishing such medical, dental and hospital service.